IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

MICHAEL TURNER,

        Plaintiff,

v.

METROPOLITAN PROPERTY &
CASUALTY INSURANCE COMPANY
d/b/a, METLIFE AUTO & HOME
BUSINESS INSURANCE, et al.,

        Defendants.

Case No. 18-cv-00653-JFH-JFJ

## OPINION AND ORDER

This matter comes before the Court on the Motion for Summary Judgment Against Plaintiff Michael Turner d/b/a Afton Air and Lights, LLC[1] [Dkt. No. 54] filed by Defendants VeriClaim Inc. ("VeriClaim") and Sedgwick Claims Management Services, Inc. ("Sedgwick") (collectively "Sedgwick").[2] For the reasons set forth below, the Court grants summary judgment in favor of Sedgwick.

---

[1] Although Plaintiff identifies himself individually "d/b/a Afton Air and Lights, LLC," the Court notes that "[t]he designation 'd/b/a' means 'doing business as' but is merely descriptive of the person or corporation who does business under some other name. Doing business under another name does not create an entity distinct from the person operating the business. The business name is a fiction, and so too is any implication that the business is a legal entity separate from its owner." *Providence Washington Ins. Co. v. Valley Forge Ins. Co.*, 42 Cal. App. 4th 1194, 1200, 50 Cal. Rptr. 2d 192, 194-95 (Cal. Ct. App. 1996) (internal quotation marks and citation omitted). A limited liability company, on the other hand, is a separate business entity that is legally distinct from its members. *See* C. Bishop & D. Kleinberger, LIMITED LIABILITY COMPANIES: TAX AND BUSINESS LAW ¶ 6.01[1][a] (2018). The Court need not resolve this discrepancy to resolve the issue set forth by the present motion.

[2] According to Sedgwick, VeriClaim was acquired by and merged with Sedgwick after the filing of this action and no longer exists as a separate entity. Dkt. No. 54 at 1; Dkt. No. 54-1.

**I.     BACKGROUND**

Michael Turner ("Turner") alleges he is the "sole owner of Afton Air & Lights, LLC," ("Afton Air & Lights") a heating and air conditioning company (collectively, "Plaintiff"). Dkt. No. 2 at 7; Dkt. No. 33 at 1.[3] In February 2017, Turner owned the building in which Afton Air & Lights operated. *Id.* Plaintiff purchased a Businessowners Policy from Defendant Metropolitan Property & Casualty Insurance Company d/b/a Metlife Auto & Home Business Insurance ("Metlife") which covered, among other things, the building in which he operated his business. Dkt. No. 2 at 8; Dkt. No. 33 at 1. While coverage was effective, the building was destroyed by fire, with a total loss of the building, its contents, business equipment, tools and papers. *Id.* Plaintiff reported the loss and made a claim. Dkt. No. 2 at 9; Dkt. No. 33 at 1. Metlife issued a payment to Plaintiff for damages, but Plaintiff alleges that Metlife failed to pay the full amount owed under the policy. Dkt. No. 2 at 9-14; Dkt. No. 33 at 1.

On October 12, 2018, Plaintiff filed suit in state court asserting causes of action for negligence against the insurance agency who sold the business policy, breach of contract and breach of the covenant of good faith and fair dealing against Metlife and negligence against Sedgwick, who was hired by Metlife to adjust the claim. Dkt. No. 2 at 9-14. Plaintiff also sought reformation of the business policy against Metlife and punitive damages against all Defendants. Dkt. No. 2 at 11-12, 14. The action was removed to this Court on December 17, 2018. Dkt. No. 2 at 1- 5. Sedgwick has moved for summary judgment on the negligence and punitive damages

---

[3] Limited liability companies are owned by their "members." *See* Okla. Stat. tit. 18 § 2001. Accordingly, the Court construes Plaintiff's allegation such that Turner is the sole member of Afton Air & Lights. Curiously, however, Plaintiff alleges that Afton Air & Lights is a "corporation." *See* Dkt. No. 2 at 7. The Court need not resolve this discrepancy to resolve the issue set forth by the present motion.

2

claims against it, arguing that, as a matter of Oklahoma law, insurance adjustors do not owe the insured an independent duty of care. Dkt. No. 54 at 4-9.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). When it applies this standard, the Court "view[s] the evidence and make[s] inferences in the light most favorable to the non-movant." *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party on the issue." *Id.* (internal quotation marks and citation omitted). "An issue of fact is material if under the substantive law it is essential to the proper disposition of the claim or defense." *Id.* (internal quotation marks and citation omitted).

The moving party bears "both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (internal quotation marks and citation omitted). To meet this burden, the moving party "need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim." *Id.* (internal quotation marks and citation omitted).

If the moving party "does not have the burden of proof at trial, it must point to an absence of evidence in the record to support the elements of the claim or defense which the other party is obligated to prove." *In re Ribozyme Pharm., Inc. Sec. Litig.*, 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002). Doing so "essentially forces the respondent to present sufficient, competent evidence to establish a *prima facie* case." *Id.* The non-moving party "may not rest on its pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for

which it carries the burden of proof." *Kannady*, 590 F.3d at 1169 (internal quotation marks and citation omitted). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). If the nonmoving party "fails to present competent evidence to establish every element of its claim or defense, entry of summary judgment in favor of the movant is appropriate because the respondent cannot carry its burden of proof." *In re Ribozyme Pharm., Inc. Sec. Litig.*, 209 F. Supp. 2d at 1111.

## II. ANALYSIS

### A. Plaintiff's Negligence Claim against Sedgwick

In his Complaint,[4] Plaintiff alleges that: (1) Sedgwick had a duty to exercise reasonable care in assessing and reporting his claim to Metlife; (2) Sedgwick breached its duty by failing to take reasonable measures to timely and accurately report his claim; (3) as a direct and proximate result of Sedgwick's breach of duty, Plaintiff's claim was not properly investigated or timely reported, which caused extensive delays in repairing Plaintiff's building; and (4) as a direct result of Sedgwick's negligence, Plaintiff incurred damages in excess of $75,000. Dkt. No. 2 at 32-33.

Sedgwick argues that Plaintiff's negligence claim fails as a matter of law because Sedgwick was an independent contractor of Metlife and did not owe Plaintiff a duty of care. Dkt. No. 54 at 4-9. In support of its claim that it was an independent contractor, Sedgwick asserts that: (1) at all relevant times it provided independent claim administration services pursuant to a service agreement with Metlife; (2) pursuant to the service agreement, it was an independent contractor

---

[4] Plaintiff's Amended Petition was filed in the Oklahoma District Court for Ottawa County on November 15, 2018 and is referred to herein as "Complaint."

paid on a per claim basis with additional fees paid at an hourly rate; and (3) no portion of its fees were dependent on the outcomes of claims. *Id.* at 3.[5]

Regarding the scope of services Sedgwick provided to Metlife, Sedgewick cites generally to a 146-page services agreement, without identifying with particularity the portion of the agreement that sets forth the scope of services. Dkt. No. 54 at 3. "Schedule D" appended to the services agreement appears to be a form for Sedgwick to use in identifying the scope of services performed for Metlife, however, the form is blank. Dkt. No. 54-4 at 27. As to the fee schedule for work performed by Sedgwick under the services agreement, Sedgwick cites to pages of the services agreement that are not included in the exhibits submitted with Sedgwick's motion. Dkt. No. 54 at 3; Dkt. No. 54-4. Even after Plaintiff noted this deficiency in his Response [Dkt. No. 63 at 4], Sedgwick did not address the deficiency in its Reply, nor did it make any effort to supplement the record or otherwise provide the missing pages of the services agreement. *See generally* Dkt. No. 68.

Nonetheless, Sedgwick's failure to support all of its assertions of fact with evidence from the record or comply with Rule 56(c)(1)(A) does not necessarily preclude summary judgment here because the determinative question as to Plaintiff's negligence claim is whether Sedgwick owed Plaintiff a duty of care, which is a question of law for the Court. *Smith v. City of Stillwater*, 328

---

[5] The Court finds the evidentiary support for many of Sedgewick's factual assertions to be materially deficient. Federal Rule of Civil Procedure 56(a) requires the summary judgment movant to show "that there is no genuine dispute as to any material fact," and Rule 56(c)(1)(A) requires that this burden be met "by citing to particular parts of materials in the record." Fed. R. Civ. P. 56(a), 56(c)(1)(A). Likewise, for each fact in which the moving party contends no genuine issue of fact exists, local rule 56.1(b) requires reference "with particularity to those portions of the record upon which the movant relies." LCvR 56.1(b). Thus, it is incumbent upon Sedgwick to cite to *specific* evidence in the record that supports its contentions. Sedgwick failed to support its factual assertions in a number of respects.

P.3d 1192, 1200 (Okla. 2014) ("The cornerstone of a negligence action is the existence of a duty, and the issue of whether a duty exists is a question of law.").

### B. Duty of Insurance Adjuster to Insured Under Oklahoma Law

The existence of a legal duty is the threshold question in any action for negligence. *Trinity Baptist Church v. Bhd. Mut. Ins. Servs., LLC*, 341 P.3d 75, 82 (Okla. 2014). "Where the defendant did not owe a duty of care to the plaintiff, there can be no liability for negligence as a matter of law." *Id.* In considering whether a duty is owed, Oklahoma courts consider: "1) the degree of certainty of harm to the plaintiff; 2) the moral blame attached to defendant's conduct; 3) the need to prevent future harm; 4) the extent of the burden to the defendant and consequences to the community of imposing the duty on defendant; and 5) availability of insurance for the risk involved." *Id.*

In the context of an insurance claim, the duty owed to the insured is governed by the insurance policy and the implied covenant of good faith and fair dealing. *Id.* at 86. This non-delegable duty is owed by the insurer and arises from the special relationship between the insurer and insured due to the "quasi-public nature of insurance, the unequal bargaining power between the insurer and insured, and the potential for an insurer to unscrupulously exert that power at a time when the insured is particularly vulnerable." *Wathor v. Mut. Assur. Adm'rs, Inc.*, 87 P.3d 559, 561-62 (Okla. 2004). "This duty requires the insurer to take positive steps to adequately investigate, evaluate, and respond to its insureds' claims." *Id.* at 565, n. 6. "An insurer may employ an agent or an independent contractor to perform these functions, but this does not absolve the insurer of its own non-delegable duty." *Id.* "If the agent or independent contractor fails to adequately perform the functions, the insurer is liable, not under the doctrine of *respondeat superior,* but because of its own failure to comply with its non-delegable duty of good faith." *Id.*

6

Consequently, the Oklahoma Supreme Court has declined to impose a separate legal duty on agents or independent contractors of insurers, finding that to do so would allow for potential double recovery, "permitting the insured to recover in tort both for breach of contract or breach of the duty of good faith and fair dealing by the insurer - caused by an adjuster[']s negligent conduct - and from the adjuster for the same conduct." *Trinity Baptist Church*, 341 P.3d at 86.

In this case, it is undisputed that Sedgwick was not a party to the insurance contract between Metlife and Plaintiff. Dkt. No. 54 at 3; Dkt. No. 54-2; Dkt. No. 63 at 3-4. Accordingly, under Oklahoma law, while Metlife would be liable to Plaintiff for any failure on Sedgwick's part to adequately perform its duties in adjusting the claim, *Wathor*, 87 P.3d at 565, n. 6, Sedgwick did not owe a separate duty of care to Plaintiff. *Trinity Baptist Church*, 341 P.3d at 86.

Plaintiff suggests that in handling his claim, Sedgwick acted as a plan administrator in such a way that a special relationship existed between Sedgwick and Plaintiff, which gave rise to a duty of good faith on Sedgwick's part. Dkt. No. 63, at 10. *See Trinity Baptist Church*, 341 P. 2d at 80 (recognizing that the duty of good faith and fair dealing only applies "to a third party stranger to the insurance contract when the third party acts so like an insurer that it develops a special relationship with the insured, essentially giving the third party the power, motive, and opportunity to act unscrupulously."). However, such allegations do not inform the Court's analysis here where Plaintiff does not contest that Sedgwick is a stranger to the insurance contract and Plaintiff's Complaint does not set forth a cause of action for breach of the covenant of good faith and fair dealing against Sedgwick. Dkt. No. 2 at 8-15. [6]

---

[6] The Court declines to treat Plaintiff's Response to Sedgwick's summary judgment motion as a motion to amend the Complaint. Although the Tenth Circuit has held that a district court may treat a new claim raised for the first time in response to a motion for summary judgment as a request to amend the complaint under Federal Rule of Civil Procedure 15(b), *see Martinez v. Potter*, 347 F.3d 1208, 1212 (10th Cir. 2003), it has affirmed the district court's refusal to do so where there

Accordingly, summary judgment on Plaintiff's negligence against Sedgwick is appropriate. Further, summary judgment on Plaintiff's punitive damages claim against Sedgwick is also appropriate. *See Smith v. Warehouse Mkt., Inc.*, 586 P.2d 724, 726 (Okla. 1978) (recognizing that a punitive damages cannot stand alone as a basis for relief, but can only be recovered in an action with a claim for actual damages).

**IT IS THEREFORE ORDERED** that Sedgwick's Motion for Summary Judgment Against Plaintiff Michael Turner d/b/a Afton Air and Lights, LLC [Dkt. No. 54] is **GRANTED**.

Dated this 8th day of February 2021.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

was no implied consent or motion to amend the complaint in conformity with the evidence. *See e.g.*, *Green Country Food Market, Inc. v. Bottling Group, LLC*, 371 F.3d 1275, 1279-81 (10th Cir. 2004) (affirming the district court's refusal to treat the plaintiff's complaint as amended where the parties had not impliedly consented to the amendment of the complaint and the plaintiff had not moved to amend the complaint to conform with the evidence). The Court notes that this case was filed nearly two (2) years ago. Accordingly, any motion to amend the Complaint would be untimely. The Court also denies Plaintiff's request for additional discovery under Rule 56(d). *See* Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."). Plaintiff requests time to conduct discovery aimed at determining whether Sedgwick owed Plaintiff a duty of good faith. Dkt. No. 63 at 10, 13. However, as previously discussed, the existence of any such duty is not relevant to the determinative question here, which is whether Sedgwick owed Plaintiff a duty of reasonable care which could give rise to a claim of negligence. And for the reasons discussed above, the Court concludes that it did not.